Dear Mayor Mount,
This office is in receipt of your opinion request wherein you ask us to resolve the following legal issues:
 1. Who has the authority, Mayor or Marshal, to dismiss or terminate a Deputy Marshal?
 2. If the Marshal is the proper authority, must the Mayor approve the dismissal or termination of a Deputy Marshal?
 3. If a Deputy Marshal has been classified under the City of Lake Charles personnel policy as a "career service employee" which classification provides that said Deputy Marshal can be dismissed for cause only after the Mayor's approval, may the Marshal dismiss a Deputy Marshal without cause and without the Mayor's approval?
According to LSA-R.S. 13:1952 (13) the Lake Charles City Court was created by special legislative act. This court falls within the judicial branch of the state. See LSA-Const. Art. V, § 15, (1974). There is some doubt as to whether the City of Lake Charles in adopting a home rule charter could affect the composition of the judicial branch. Such action could be violative of LSA-Const. Art VI, § 5 (1974), which provides:
 (E) Structure and Organization; Powers; Functions.
 A home rule charter adopted under this section shall provide the structure and organization, powers and functions of the government of the local governmental subdivision, which may include the exercise of any power and performances of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Further, LSA-Const. Art. V, § 15(a) (1974) contemplates and continues the existence of the office of city marshal, and its personnel, within the judiciary.
Note also that LSA-R.S. 13:1881 (B) provides that the marshal has the power to appoint his deputies:
 B. The marshal may appoint on or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy shall be fixed and paid by the governing authorities of the city of parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from the costs assessed in criminal matters pursuant to LSA-R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal (Emphasis added).
Although those deputies were, by Lake Charles City Ordinance, placed in the city civil service pay plan some fifteen years ago, LSA-R.S. 13:2079 provides for their minimum compensation. In addition, the power to appoint allocated the marshal carries with it the power to remove. These officers have no term or tenure, but rather are "at-will" employees and serve at the pleasure of the marshal. The attempt to place them in the classified city civil service is in conflict with LSA-R.S. 13:1881 quoted above.
Based on the forgoing, we conclude that it is only the marshal who has the power to terminate a deputy marshal, and he may do so unilaterally, without the approval of the mayor. Placement of the deputy marshals within the classified city civil service is in conflict with statutory authority providing otherwise, quoted above. Finally, the newly elected marshal should exercise extreme caution in terminating deputies because of the cases of Elrod v.Burns, 427 U.S. 347, 96 S.Ct. 2673 (1976) and Vojvodich v.Lopez, 48 F.3d 879 (U.S. App. 5th Cir. 1995).
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams